IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LIZABETH-EMI BENDECK, | Civ. No. 17-00180 JMS-RLP |
|---|---|
| Plaintiff, | ORDER: (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| LLOYD T. WORKMAN, A MAN, DBA AGENT(S) FOR U.S. BANK NATIONAL ASSOCIATION TRUSTEE; ZACHARY K. KONDO, A MAN, DBA AGENT(S) FOR U.S. BANK NATIONAL ASSOCIATION TRUSTEE; RICHARD K. DAVIS, A MAN, CEO U.S. BANK NATIONAL ASSOCIATION; RESIDENTIAL ASSET MORTGAGE, PRODUCTS INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-NC3; JP MORGAN CHASE/CHASE, HOME 123 CORPORATION, | |
| Defendants. | |

## ORDER: (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND

### I. INTRODUCTION

On April 18, 2017, pro se Plaintiff Lizabeth-Emi Bendeck ("Plaintiff") filed a document titled "Bill in Equity to Declare an Absolute Deed to be a Mortgage; Exoneration of Surety; To Construct a Trust upon the

Grantee/Trustee; and Notice of Merger in the Equity Jurisdiction" ("Complaint"), ECF No. 1, and an application to proceed in forma pauperis ("IFP Application"), ECF No. 2. Based on the following, the court GRANTS Plaintiff's IFP Application, and DISMISSES Plaintiff's Complaint with leave to amend.

## II. DISCUSSION

### A. IFP Application

Plaintiff's IFP Application indicates that she receives monthly social security income of $1,680; and has assets of $100 in a bank account, a car worth $800, and household furnishings worth $1,200. IFP Appl. ¶¶ 2-5. The IFP Application further indicates that Plaintiff has monthly medical expenses of $1,600, and owes a total of $434,355.86 for a mortgage loan. *Id.* ¶¶ 6, 8. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed in forma pauperis (i.e., without prepayment of fees), the court GRANTS Plaintiff's IFP Application.

### B. The Complaint

#### 1. *Background*

Plaintiff filed the instant action to determine whether Defendants[1] "ha[ve] the authority to foreclose" real property "located at 43 Pakalana St., Hilo,

---

[1] The Complaint names the following Defendants: Lloyd T. Workman ("Workman") and Zachary K. Kondo ("Kondo"), counsel for U.S. Bank National Association Trustee ("USBNA Trustee"); Richard K. Davis ("Davis"), CEO of U.S. Bank National Association ("USBNA");

Hawaii" (the "subject property"). Compl. at 9-10. Although not entirely clear, the Complaint appears to allege that on January 6, 2006, Plaintiff executed a promissory note for $110,000 for a mortgage loan from Home 123, secured by the subject property. *Id.* at 10, 15. Sometime thereafter, the promissory note/mortgage was transferred to RAMP, and Morgan/Chase became the loan servicer. *Id.* at 10. The remainder of the Complaint is largely unintelligible,[2] but apparently purports to explain that Plaintiff's "debt was paid at closing," and that Plaintiff is now "the lender and RAMP the borrower." *Id.* at 10, 16.

        Plaintiff seeks an order declaring that Plaintiff holds superior title to the subject property; and injunctive relief preventing Defendants from foreclosing the subject property, and ordering Defendants to reimburse Plaintiff for payments

---

Residential Asset Mortgage, Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-NC3 ("RAMP"); JP Morgan Chase/Chase ("Morgan/Chase"); and Home 123 Corp. ("Home 123") (collectively, "Defendants").

    [2] For example, the Complaint is filled with confusing pronouncements such as: (1) "foreclosure is Trust law, and all suits for the enforcement of liens and Trusts, and all suits where the respondents have done, or is doing, or is threatening to do, some inequitable act to the injury of the petitioner, where there is no adequate remedy therefor, are suits in equity;" (2) "[e]**quity sees the debit paid at closing, and the grantor/mortgagor is also the Surety**, and equity sees the mortgage paid in full at closing by declaring the absolute deed a **mortgage**, and Equity permits the exoneration of the Surety;" and (3) "[i]n legal, once the absolute deed is executed, the grantor has zero interest left in the res. However, equity says that absolute deed, if it was to secure a debt at law, then we shall express the absolute deed to be a mortgage in favor of the grantor. At law, grantor to grantee is absolute, but in equity, it says it is not absolute, it is a mortgage, which means the grantor still has a real interest in the res, but as a grantor/mortgagee, which equity will later see as a constructive trust." *Id.* at 6, 8-9.

she made on the loan and for proceeds obtained through Defendants' use of the promissory note as a security instrument.  *Id.* at 21.

Plaintiff asserts that this court has diversity jurisdiction over this action, contending that she "is neither a citizen nor resident of the United States; but is a private American, living on the land known as Hawaii,"[3] and Defendants "are United States citizens."  *Id.* at 5.  More specifically, Plaintiff alleges that Defendants are "residents of . . . Hawaii, Ohio, Minnesota, and California."  *Id.* at 6.[4]

## 2. *Standards of Review*

The court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in

---

[3] The Complaint alleges more fully that Plaintiff, "a woman, is the heir, beneficiary, cestui que, and subrogee to the 'LIZABETH E. BENDECK Estate,' decedent's legal estate, which is the principal debtor in this action."  Compl. at 5.  It further alleges that Plaintiff "is a private, non-statutory, non-citizen, de jure American in the *de jure* original jurisdiction, not a 'person,' not a 'resident,' not a 'citizen,' not named in any U.S. or state 'code,' and not a 'person' as defined in the Trading With the Enemy Act (TWEA) as modified by the Emergency Banking Relief Act (EBRA), privately living in exclusive English/American Equity within a non-military-occupied private estate and therefore, diverse from the STATE OF HAWAII and the UNITED STATES INC. and their corporate actors."  *Id.*

[4] The Complaint alleges a Minnesota address for Davis and RAMP, a California address for Workman, and a Hawaii address for Kondo.  Compl. at 6.  The Complaint does not specify citizenship for Morgan/Chase, or Home 123.  Nor does the Complaint specify which Defendant is a citizen of Ohio.

4

every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In addition, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a)[5] to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

---

[5] Section 1915(a) governs IFP proceedings.

5

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555)); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678-79 (citing *Twombly*, 550 U.S. at 556). But factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the plaintiff is entitled to relief as

required by Rule 8. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). Thus, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### 3. *Application of Legal Standards to Complaint*

Even construing the Complaint liberally, it is largely an incoherent, unintelligible document that fails to (1) allege subject matter jurisdiction, or (2) comply with the pleading requirements set forth in the Federal Rules of Civil Procedure.

*a. Subject matter jurisdiction*

In general, Plaintiff may establish the court's subject matter jurisdiction in one of two ways. First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). To premise jurisdiction on diversity, Plaintiff must include in the Complaint allegations regarding both the diversity of citizenship and the proper amount in controversy. *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).

Further, for a case to qualify for federal jurisdiction under § 1332, there must be complete diversity of citizenship between the opposing parties -- in other words, all of the plaintiffs must be citizens of different states than all of the defendants. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Alternatively, Plaintiff may assert that Defendants violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331

("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Here, Plaintiff's attempt to allege diversity jurisdiction fails. The Complaint alleges that Plaintiff lives in Hawaii and lists a Hawaii address for Defendant Kondo, seemingly precluding complete diversity. *See* Compl. at 5-6. Conceding that she lives in Hawaii, however, Plaintiff appears to rely on a type of "sovereign citizen" theory to support her claim that she is neither a citizen of the United States nor of Hawaii, and is not subject to the jurisdiction of the United States. *See* Compl. at 2-3, 4 (referring to Plaintiff as a "Pre-1933 American National" and not a resident or citizen or person "as defined in the Trading With the Enemy Act [, 50 U.S.C. §§ 4301, *et seq*.,] . . . as modified by the Emergency Banking Relief Act [of 1933, 12 U.S.C. §§ 95a, 95b]").

Adherents of the "sovereign citizen" theory "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things . . . extinguish debts." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (citations omitted). This court and others across the United States have flatly rejected "sovereign citizen" and similar theories as "frivolous, irrational [and] unintelligible." *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw. July 2, 2015) (explaining theories in detail and collecting cases); *see also Alexio v. Obama*, 2015 WL 5440800, at *3 (D. Haw. Sept. 15, 2015) (noting uniform

9

rejection of sovereign citizen theories). Because Plaintiff and at least one Defendant appear to be Hawaii citizens, the Complaint fails to allege diversity jurisdiction.

Plaintiff also failed to specifically identify any federal laws or rights that were violated. Rather, the Complaint alleges a possible state law foreclosure claim and refers to various provisions of the United States Constitution and federal statutes merely to support the argument that this court must rule "in equity" and not law. Thus, the Complaint fails to allege federal question jurisdiction.

Having failed to allege either diversity or federal question jurisdiction, the Complaint is therefore DISMISSED for lack of subject matter jurisdiction.

b. *Failure to state a claim*

And even construed liberally, the Complaint fails to comply with Federal Rule of Civil Procedure 8. The pleading neither asserts "simple, concise, and direct allegations" against any Defendant, *see* Fed. R. Civ. P. 8, nor states any claim that is remotely plausible. *See Iqbal*, 556 U.S. at 678 (explaining that to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" (internal citation and quotation marks omitted)).

At best, the Complaint comprises twenty pages of rambling discourse invoking some mysterious "Exclusive Equity Jurisdiction" that requires this court

to grant the relief Plaintiff seeks. Compl. at 1-3. It appears that Plaintiff believes that this court should exercise equitable powers in a vacuum without reference to any law. *See id.* at 7-9 (detailing differences between equitable and legal interpretations of the mortgage process). In short, the Complaint lacks any sort of legal or factual basis. Accordingly, the Complaint is DISMISSED for failure to state a plausible claim for relief.

### 4. *Leave to Amend*

The court seriously doubts that Plaintiff will be able to state a plausible claim for relief, even assuming that she can establish subject matter jurisdiction. Nevertheless, the court GRANTS Plaintiff leave to amend by May 31, 2017, to attempt to cure the deficiencies set forth above. Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii if she amends her pleading. And the amended complaint must be designated as a "First Amended Complaint."

If Plaintiff chooses to file an amended complaint, she must write short, plain statements telling the court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff

suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes prior complaints. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The court will not refer to the original complaint or a prior amended complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled."). And Plaintiff may include only one claim per count.

///

///

## III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is GRANTED and her Complaint is DISMISSED with leave to amend. Plaintiff may file an amended complaint, as set forth above, by May 31, 2017. Failure to timely file an amended complaint will result in dismissal of this action with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 4, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Bendeck v. Workman, et al.*, Civ. No. 17-00180 JMS-RLP, Order: (1) Granting Application to Proceed Without Prepaying Fees and Costs; and (2) Dismissing Complaint With Leave to Amend